(133 App. Div. 481.)

PEOPLE v. BAUM.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. MUNICIPAL CORPORATIONS (§ 594*)—ORDINANCES—MISDEMEANORS—REGULATION OF GAMBLING HOUSES—POLICE POWER.

While, under the direct provisions of Laws 1903, p. 747, c. 371, § 36, subd. 1, the common council of the city of Schenectady is authorized to enact ordinances to prevent and suppress vice, gambling houses, etc., an ordinance punishing by fine any person found in a gambling house is not a proper exercise of police power, as it imposes a penalty for merely being in a gambling house, however innocent the purpose may be.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 594.*]

2. CRIMINAL LAW (§ 307*)—PRESUMPTIVE EVIDENCE OF GUILT.

A statute can only declare certain facts presumptive evidence of guilt when such facts have a legitimate tendency to show that the person

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

charged was probably committing a crime, and they cannot be given an unusual interpretation for that purpose.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 307.*]

Appeal from Schenectady County Court.

Jacob Baum was convicted of violating a city ordinance, and he appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

John H. Gleason, for appellant.

Walter Briggs, Dist. Atty. (Del B. Salmon, of counsel), for the People.

JOHN M. KELLOGG, J. The defendant was convicted of violating a city ordinance "in being found in a gambling house down in the corner of State and South Center streets on the 15th day of June, 1908." The ordinance provided that:

"Every person being a vagrant, mendicant, street beggar, or persons soliciting alms or subscriptions for any persons whatever, except when authorized by an organized religious body, and any prostitute or gambler, or any person, male or female, found in a house of prostitution or gambling house, shall upon conviction be punished by a fine of not less than ten dollars, nor more than twenty-five dollars, and stand committed until such fine be paid, not exceeding one day for each dollar of fine imposed, or shall be imprisoned at hard labor or not, in the discretion of the police justice, for a period not exceeding one hundred and fifty days."

The evidence showed that the defendant, with others, was found by the police sitting in a room in which there were certain devices, alleged to be gambling devices. It does not appear that any gambling had ever taken place in the room, nor for what purpose or under what circumstances the defendant entered the room or that the alleged gambling devices had ever been used there. It is not necessary to discuss whether the alleged gambling devices found in the room are sufficient to justify the conclusion that this was a gambling house. Under the reading of the ordinance, if the policeman had found a gas man taking the meter, or even removing the meter for nonpayment of bills, or removing the meter because it was thought unlawful to furnish a gambling house with gas, or for any of many innocent purposes for which a man might go upon the premises he would be equally guilty.

While the common council has ample power to enact ordinances to preserve the public peace and good order, to prevent and suppress vice, immorality, and disorderly and gambling houses, under subdivision 1, § 36, c. 371, p. 747, Laws of 1903, the ordinance in question is too broad. An ordinance might perhaps provide that a person found in a gambling house shall be presumed to be there for the purpose of gambling, unless it is shown to the contrary. People v. Cannon, 139 N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668. The facts which may be declared as presumptive evidence of guilt cannot be forced from their ordinary interpretation, and must have some legitimate bearing tending to show that the defendant was probably committing a crime. The ordinance in question is not one of presumption, but the mere

fact of being found in such a place is criminal, and the defendant is not permitted to explain or show for what purpose he was present. It is not, therefore, a proper exercise of the police power. Fisher Co. v. Wood, 187 N. Y. 90, 79 N. E. 836, 12 L. R. A. (N. S.) 707. For that reason no offense was proved against the defendant, and it is unnecessary to consider the other questions raised upon the appeal.

The judgment of the County Court and the Police Court should therefore be reversed. All concur.

